**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| SHELLY NEELY, ) | CASE NO. 3:22-CV-00066-CEH |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | CARMEN E. HENDERSON |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | MEMORANDUM OPINION & ORDER |
| Defendant, ) | |
| ) | |

**I. Introduction**

Plaintiff, Shelly Neely ("Claimant"), seeks judicial review of the final decision of the Commissioner of Social Security denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). This matter is before me by consent of the parties under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 21). For the reasons set forth below, the Court AFFIRMS the Commissioner of Social Security's non-disability finding denying Claimant SSI and DIB.

**II. Procedural History**

Claimant filed applications for DIB and SSI on September 18, 2019, alleging a disability onset date of December 15, 2015. (ECF No. 10 at 1). The applications were denied initially and upon reconsideration, so Claimant requested a hearing before an administrative law judge ("ALJ"). (ECF No. 8, PageID #: 54). On November 13, 2020, an ALJ held a hearing, during which Claimant, represented by counsel, and an impartial vocational expert testified. (ECF No. 8, PageID #: 54). On November 18, 2020, the ALJ issued a written decision finding Claimant

was not disabled. (ECF No. 8, PageID #: 51). The ALJ's decision became final on November 8, 2021, when the Appeals Council declined further review. (ECF No. 8, PageID #: 42).

Claimant filed her Complaint on January 12, 2022 to challenge the Commissioner's final decision. (ECF No. 1). The parties have completed briefing in this case. (ECF Nos. 10, 14, 16). Claimant asserts the following assignment of error: "The ALJ failed to adequately evaluate and sufficiently explain her analysis of the opinion of Ryan O. Lakin, M.D., the agency's consultative examiner; the analysis violates agency regulations, and the RFC is not supported by substantial evidence." (ECF No. 10 at 1).

### III. Background

#### A. Relevant Hearing Testimony

The ALJ summarized the relevant testimony from Claimant's hearing:

> At the hearing, the clamant testified that she is unable to work currently due to a combination of depression, anxiety, and physical pain symptoms. The claimant testified she has mood swings and difficulty with focus and concentration. During the day, the claimant testified that she cleans, does laundry, makes meals, vacuums, sweeps, mops, and is able to go to the grocery store. She further testified that she can perform personal care tasks. She alleged she enjoys reading and doing crafts and can use her phone to access the internet. She alleged she elevates her right knee to relieve pain. The claimant testified that she takes over-the-counter medications for pain symptoms related to right knee pain, which can extend into her right hip area. The claimant testified that due to pain she is limited to walking shorter distance, she testified that she had been walking every night, but had to cease that activity approximately three months prior to the hearing due to pain. She alleged she is able to sit, but gets antsy. She testified she can lift and carry a gallon of milk.

(ECF No. 8, PageID #: 62–63). A vocational expert testified that a hypothetical person with the same restrictions as Claimant could complete past relevant work if they were off-task under ten percent of the time. (ECF No. 8, PageID #: 116).

### B. Relevant Medical Evidence

The ALJ also summarized Claimant's health records and symptoms:

> The claimant, Shelly Neely, is a 57-year-old female who has alleged disability based on both physical and mental impairments. Specifically, she reported that she has been unable to work fulltime since December 15, 2015 due to the following impairments: major depressive disorder, generalized anxiety disorder, and a right knee problem.
>
> [ . . . ]
>
> Turning to the objective medical evidence, the record supports the claimant was assessed with osteoarthritis of the right knee. (7F/29 and 8F/26-27). Specifically, the record supports in September 2016 the claimant reported right knee pain and underwent an x-ray study. (8F/26-27). The x-ray revealed evidence of a small to moderate joint effusion with moderate medial compartment degenerative changes. (Id.). No treatment is noted until November 2019, when the claimant reported intermittent right knee pain. (7F/17-20). She declined a physical therapy referral but the record supports she was prescribed Flexeril, meloxicam, and aspirin for pain symptoms. (7F/17-22). At her consultative examination, in December 2019, the claimant also participated in an x-ray of the right knee, which revealed evidence of moderate to severe osteoarthritis patellofemoral joint and medial joint compartment. (5F).
>
> At her next appointment, in February 2020, the claimant reported that her symptoms "come and go" and she again declined a referral to physical therapy treatment. (Id.). She was prescribed medication, Motrin, for her right knee osteoarthritis. (7F/25-29).

(ECF No. 8, PageID #: 62–63).

### C. Relevant Opinion Evidence

The ALJ summarized the opinion of Dr. Ryan O. Lakin, M.D.:

> Dr. Lakin interviewed, examined and assessed the claimant. Dr. Lakin observed that the claimant had some reduction in motion of the spine and right knee, with reduced (4/5) strength in her right knee. Yet, he noted she had normal (5/5) strength in her upper extremities and lower left extremity. She was also noted to have had intact sensation, intact reflexes, and a slight limp with regard

3

> to the right lower extremity. (Id.). Dr. Lakin opined that based on his assessment the claimant can lift and carry in an 8-hour day 5-10 pounds frequently 2-6 hours per day; 10-20 pounds occasionally 2 hours per day; and greater than 20 pounds restricted. (Id.). He opined that the claimant can sit continuously with regular breaks, stand and walk occasionally with regular breaks. (Id.)

(ECF No. 8, PageID #: 64). The ALJ partially adopted Dr. Lakin's opinion in her RFC determination:

> Dr. Lakin's assessment is generally supported by his objective findings on exam but is not fully consistent with the claimant's limited evidence and treatment of record. Specifically, with regard to his limitation to occasional walking and standing, the record reveals that the claimant reported only intermittent symptoms with regard to her right knee and declined referrals multiple times for physical therapy treatment. (7F/22-29). Thus, while the claimant may have had pain, or a limp, on the day that she presented for the consultative exam, the record does not support that she has had consistent limitations with regard to this condition. For these reasons, the limitation regarding walking and standing is found to be unpersuasive; however, the remaining limitations are found to be more persuasive, as they were well supported by the objective exam of record and as they are consistent with the assessments of the State agency consultants. (See 1A, 2A, 7A, and 8A).

(ECF No. 8, PageID # 64).

## IV. The ALJ's Decision

The ALJ made the following finding relevant to this appeal:

> 3. The claimant has the following severe impairments: osteoarthritis of the right knee patellofemoral joint space and medial joint compartment. (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to

>perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance and stoop; occasionally kneel and crouch; and never crawl. She requires the ability to alternate sitting every thirty minutes for one to two minutes in the immediate vicinity of the workstation and she must never be exposed to hazards such as moving machinery and unprotected heights.
>
>6. The claimant is capable of performing past relevant work as a Payroll Clerk, Office Clerk, and Scheduler. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
>7. The claimant has not been under a disability, as defined in the Social Security Act, from December 15, 2015, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

## V. Law & Analysis

### A. Standard of Review

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). If the Commissioner's decision is supported by substantial

evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

### B. Standard for Disability

The Social Security regulations outline a five-step process that the ALJ must use in determining whether a claimant is entitled to supplemental-security income or disability-insurance benefits: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her residual functional capacity ("RFC"); and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006). The claimant bears the ultimate burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. 20 C.F.R. § 404.1512(a). Specifically, the claimant has the burden of proof in steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at step five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.*

### C. Discussion

Claimant raises one issue on appeal. She argues that the ALJ's RFC determination is unsupported by substantial evidence because it fails to reconcile discrepancies between the RFC and the opinion of Dr. Ryan O. Lakin, M.D. (ECF No. 10 at 8). Specifically, Claimant alleges

6

that the ALJ did not adequately articulate why she found Dr. Lakin's lifting, walking, and standing restrictions unpersuasive. (ECF No. 10 at 12).

At Step Four, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence. 20 C.F.R. § 404.1520(e). On January 18, 2017, the Social Security Administration amended the rules for evaluating medical opinions for claims filed after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." C.F.R. § 404.1520c(a). Nevertheless, an ALJ must "articulate how [she] considered the medical opinions and prior administrative medical findings" in adjudicating a claim. 20 C.F.R. § 404.1520c(a). In doing so, the ALJ is required to explain how she considered the supportability and consistency of a source's medical opinion(s), but generally is not required to discuss other factors. 20 C.F.R. § 404.1520c(b)(2). Medical source opinions are evaluated using the factors listed in 20 C.F.R. § 404.1520c(c). The factors include: supportability; consistency; the source's relationship with the claimant; the source's specialized area of practice, if any; and "other factors that tend to support or contradict a medical opinion." 20 C.F.R. §§ 404.1520c(c), 404. 1520c(b)(2) ("The factors of supportability [ ] and consistency [ ] are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions . . . .").

Here, the ALJ reviewed the medical evidence on record and summarized Dr. Lakin's opinion:

> Dr. Lakin interviewed, examined and assessed the claimant. Dr. Lakin observed that the claimant had some reduction in motion of the spine and right knee, with reduced (4/5) strength in her right knee. Yet, he noted she had normal (5/5) strength in her upper

> extremities and lower left extremity. She was also noted to have had intact sensation, intact reflexes, and a slight limp with regard to the right lower extremity. (Id.). Dr. Lakin opined that based on his assessment the claimant can lift and carry in an 8-hour day 5-10 pounds frequently 2-6 hours per day; 10-20 pounds occasionally 2 hours per day; and greater than 20 pounds restricted. (Id.). He opined that the claimant can sit continuously with regular breaks, stand and walk occasionally with regular breaks. (Id.).

(ECF No. 8, PageID #: 64). While the ALJ found that the evidence generally supported Dr. Lakin's opinion, she found that his walking and standing limitations were inconsistent with the record:

> Dr. Lakin's assessment is generally supported by his objective findings on exam but is not fully consistent with the claimant's limited evidence and treatment of record. Specifically, with regard to his limitation to occasional walking and standing, the record reveals that the claimant reported only intermittent symptoms with regard to her right knee and declined referrals multiple times for physical therapy treatment. (7F/22-29). Thus, while the claimant may have had pain, or a limp, on the day that she presented for the consultative exam, the record does not support that she has had consistent limitations with regard to this condition. For these reasons, the limitation regarding walking and standing is found to be unpersuasive; *however, the remaining limitations are found to be more persuasive, as they were well supported by the objective exam of record and as they are consistent with the assessments of the State agency consultants.* (See 1A, 2A, 7A, and 8A).

(ECF No. 8, PageID #: 64) (emphasis added). Relying on *Rogers*, Claimant asserts that the ALJ erred in her analysis because she did not provide a logical bridge explaining how Dr. Lakin's limitations were inconsistent with the medical record. Specifically, Claimant argues that these findings are unfounded and that "other than the two vague references to inconsistency with the record and the intermittent nature of [Claimant's] symptoms, [the ALJ] offered no rationale for rejecting the walking and standing limitations" and "gave no reason for rejecting Dr. Lakin's lifting restrictions." (ECF No. 10 at 12). In response, the Commissioner argues that the ALJ

8

"clearly articulated" that Dr. Lakin's walking and standing restrictions were inconsistent with Claimant's description of intermittent pain and the fact that she declined numerous physical therapy referrals. (ECF No. 14 at 8). The Commissioner further contends that the ALJ did not reject the lifting restrictions and adopted an RFC consistent with Dr. Lakin's opinion. (ECF No. 14 at 7–8). Additionally, the Commissioner argues that even if the ALJ rejected the standing and walking restriction in error, it is harmless because she found that Claimant was capable of two prior sedentary jobs that could still be completed with or without the restrictions. (ECF No. 14 at 9).

    a. **Dr. Lakin's standing and walking restrictions**

First, the ALJ found that Dr. Lakin's standing and walking restrictions were unsupported by the record, which she found did not demonstrate "consistent limitations" of Claimant's knee but instead showed long periods of non-treatment and intermittent symptoms. (ECF No. 8, PageID #: 63–64). In her RFC analysis, the ALJ noted that from October 2016 through November 2019, Claimant did not require any treatment for her knee. (ECF No. 8, PageID #: 63 (citing PageID #: 528–33, 572–73)). After three years of non-treatment for her knee, Claimant complained of intermittent knee pain at a November 2019 appointment. (ECF No. 8, PageID #: 528). As such, the ALJ found that Claimant "may have had pain, or a limp, on the day that she presented for the [November 2019] consultative exam," rather than consistent limitations, as she did not require treatment for the prior three years. (ECF No. 8, PageID #: 64). The ALJ also noted that there is no record of treatment for Claimant's knee after February 2020. (ECF No. 8, PageID #: 63). Further, she found that the restrictions were inconsistent with the record because Claimant reported only intermittent symptoms and repeatedly declined physical therapy appointments for her knee. (ECF No. 8, PageID #: 63, 64 (citing PageID #: 536–40)). The ALJ

9

also noted that by February 2020, Claimant told a provider her symptoms "come and go" and she was prescribed Motrin, an over-the-counter medication. (ECF No. 8, PageID #: 63 (citing PageID #: 536)). Moreover, despite Claimant's allegations of consistent knee pain, the ALJ found that "the record does not fully corroborate [Claimant's] allegations of physical health symptom severity" related to her knee:

> for her right knee osteoarthritis, the claimant's treatment records indicate that she received only outpatient conservative treatment, which consisted of limited medication prescribed by her primary care physician's office intermittently in the record. Nothing reflects further participation in more intensive services, such as inpatient treatment or emergency services. Moreover, the claimant declined referral to additional treatment, such as physical therapy and reported that her pain was intermittent in nature

(ECF No. 8, PageID #: 65). These findings provide substantial evidence for the ALJ's conclusion that Dr. Lakin's walking and standing restrictions are inconsistent with the record.

Claimant cites a number of records she claims demonstrate that Dr. Lakin's walking and standing restrictions are supported by the evidence and consistent with the record. She notes that Dr. Lakin documented her original injury and "observed a reduced range of motion," "weakness and diminished strength in [her] right knee," "a reduced range of motion in [her] cervical and lumbar spine," an "abnormal gait," "[her] limp," and "her inability to perform tandem walking or weightbearing on the right lower extremity." (ECF No. 10 at 11). She also references two other providers, a nurse practitioner, CNP Ehden Iachini, and physical therapist, Julianne Dunphy, who she claims came to similar conclusions as Dr. Lakin, thus proving that his restrictions are consistent with the record. (ECF No. 10 at 11). The Commissioner argues that "any argument that the [CNP Iachini's] opinion is supportive of Dr. Lakin's findings is waived" because Claimant "does not challenge the ALJ's finding that the nurse practitioner's opinion was not persuasive" and cites *Hollon v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir.

10

2006), in support of this contention. (ECF No. 14 at 9–10). In her reply brief, Claimant argues that Commissioner is mistaken in her reliance on *Hollon* and that Claimant did not waive the issue because she "discussed [the nurse practitioner's] evidence extensively." (ECF No. 16 at 3).

Both arguments are beside the point. Regardless of whether Claimant waived the issue, her argument fails. Claimant merely states that CPN Iachini's "treatment notes and her endorsement of the physical therapist's assessment of restrictions are consistent with the opinion of Dr. Lakin." (ECF No. 10 at 11). Besides making this blanket accusation, Claimant fails to demonstrate how CNP Iachini's treatment notes or assessment are consistent with the opinion of Dr. Lakin. Furthermore, Claimant's argument regarding Ms. Dunphy's stand/walk restriction being "notably consistent with the opinion of Dr. Lakin" is incorrect. (ECF No. 10 at 11). As Claimant admits, Ms. Dunphy opined that Claimant could stand/walk 4 hours out of an 8-hour workday. (ECF No. 10 at 11). This is double the amount of time Dr. Lakin opined that Claimant can stand/walk as he restricted Claimant to only occasional[1] standing and walking.[2] Moreover, the ALJ reviewed these records, and substantial evidence supports the ALJ's finding regarding Dr. Lakin's stand/walk restriction. (ECF No. 8, PageID #: 63 (noting the treatment records of CNP Iachini and Ms. Dunphy), 64 (noting Dr. Lakin's observations)). Thus, the Court will not disturb the ALJ's finding. As long as substantial evidence supports the ALJ's decision, the Court must defer to it, "'even if there is substantial evidence in the record that would have supported an opposite conclusion[.]'" *Wright v. Massanari,* 321 F.3d 611, 614 (6th Cir.2003) (quoting *Key v.*

---

[1] Occasional equates to 2 hours of an 8-hour workday. *See* SSR 83-10, 1983 WL 31251, at *5 (1983).

[2] While the Court notes that Ms. Dunphy's limitation still provides for more of a stand walk restriction than the ALJ provided in the RFC, Claimant did not take issue with the ALJ's finding that Ms. Dunphy's opinion was unpersuasive. Thus, the Court need not address this matter.

*Callahan,* 109 F.3d 270, 273 (6th Cir.1997).³ Thus, the Court need not review the Commissioner's harmless error argument, as no error has been committed.

### b. Dr Lakin's lifting and carrying restrictions

The Court next considers Claimant's argument that the ALJ rejected Dr. Lakin's lifting restrictions and provided no rationale for this finding. Dr. Lakin opined that Claimant could "lift and carry in an 8-hour day 5-10 pounds frequently 2-6 hours per day; 10-20 pounds occasionally 2 hours per day; and greater than 20 pounds restricted." (ECF No. 8, PageID # 475). Although the ALJ found the restrictions persuasive, Claimant argues she only "purportedly" accepted the restrictions because they are incompatible with the ALJ's past relevant work finding at Step Four. (ECF No. 10 at PageID #: 9). Claimant contends that the Court must use Social Security Ruling ("SSR") 96-9p to define "occasionally" as "very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." Claimant argues that if the Court applies SSR 96-9p to Dr. Lakin's restriction, it means Claimant can lift five to ten pounds for eighty minutes to four hours total and ten to fifteen pounds for no more than forty minutes. (ECF No. 10 at 9). As Dr. Lakin's restrictions provided longer time allocations—two to six hours for lifting five to ten pounds, and two hours to lift ten to twenty pounds—Claimant contends that she will exceed the ten percent off-task threshold that would preclude past relevant work if she follows Dr. Lakin's suggestions. (ECF No. 10 at 9). Thus, because the ALJ did not find that Claimant would exceed this threshold, Claimant essentially argues that the ALJ implicitly found Dr. Lakin's restrictions unpersuasive and failed to adequately explain this

---

³ Claimant also argues in her reply brief that the Commissioner misstates the law when she argued that "even if the ALJ had not considered the evidence [from the nurse practitioner that] Plaintiff points to, it would still not be a basis for reversal." (ECF No. 16 at 4 (citing ECF No. 14 at 10)). The Court need not decide this issue as it finds that the ALJ did consider the evidence Claimant cites, so this is a hypothetical issue and thus irrelevant.

finding in her decision. (ECF No. 10 at 12). The Commissioner argues that Claimant's understanding of the lifting restriction "defies common sense" and that her interpretation "is essentially putting words in [Dr. Lakin's] mouth." (ECF No. 14 at 8 (citing *Vidot v. Colvin*, No. 1:14 CV 1343, 2015 WL 3824360, at *7–8 (N.D. Ohio June 18, 2015) ("An administrative decision is not subject to reversal merely because substantial evidence could have supported such findings or because Vidot proffers a different interpretation of the evidence."))). The Court agrees.

Here, the ALJ found Dr. Lakin's lifting restrictions persuasive and adopted them in the RFC. Like the Commissioner, the Court interprets Dr. Lakin's limitations to mean that Claimant can lift and carry five to ten pounds frequently, which he defined as two to six hours in an eight-hour day; ten to twenty pounds occasionally, which he defined as two hours in an eight-hour day; and is totally restricted from lifting greater than twenty pounds. (ECF No. 8, PageID #: 475). The ALJ's RFC is consistent with these limitations. The ALJ assigned Claimant an RFC of light work, which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. The Agency definition of frequent is up to six hours of an eight-hour workday. *See* SSR 83-10, 1983 WL 31251, at *6 ("'Frequent' means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.") While the "light work" requirements do not specifically include an explanation for the frequency that one can lift between ten and twenty pounds, Dr. Lakin's opinion that Claimant can lift between ten and twenty pounds two hours out of an eight-hour workday is not inconsistent with light work, which limits lifting to no more than twenty pounds at a time. Thus, Claimant's

13

argument that the ALJ failed to adopt Dr. Lakin's lifting restrictions is meritless. The record demonstrates that the ALJ adopted Dr. Lakin's lifting limitations, and the RFC is supported by substantial evidence. Accordingly, the Court finds no reason to disturb the ALJ's decision.

## VI. Conclusion

Based on the foregoing, it the Court AFFIRMS the Commissioner of Social Security's non-disability finding and final decision denying Claimant Supplemental Security Income and Disability Insurance Benefits.

Dated: October 20, 2022

*s/ Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE